United States District Court
Southern District of Texas
**ENTERED**
April 26, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| KENDRICK TYRON PERRY, SR., | § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 3:24-cv-00021 |
| LOCKHART, MORRIS & MONTGOMERY, INC., *et al.*, | § § § § | |
| Defendants. | § § | |

# ORDER

Plaintiff Kendrick Tyron Perry, Sr. ("Perry") has filed a motion to disqualify me from this case. *See* Dkt. 82.

Federal law directs a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As the Fifth Circuit has explained:

> Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance," *Liteky v. United States*, 510 U.S. 540, 548 (1994), because "justice must satisfy the appearance of justice," *In re Murchison*, 349 U.S. 133, 136 (1955). In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995). The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *Jordan*, 49 F.3d at 156). Justice Kennedy, concurring in *Liteky*, wrote that "§ 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings," such that recusal was required "if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky*, 510 U.S. at 557–58 (Kennedy, J., concurring).

*United States v. Brocato*, 4 F.4th 296, 301–02 (5th Cir. 2021) (cleaned up).

United States District Judge Jeffrey V. Brown referred this case to me on February 26, 2024. *See* Dkt. 34. On March 5, 2024, I held a status conference, at which I set a briefing schedule on Defendants' Motions to Dismiss. *See* Dkt. 72. I also ordered that "[n]o other pleadings can be filed in this matter until the motions to dismiss are decided."[1] *Id.* So concludes my actions in this case so far.

Perry claims that I have "demonstrated clear bias and prejudice against" him; "made derogatory and unsubstantiated remarks against" him; "showed a clear [l]ack of impartiality and professional conduct"; "formed a biased opinion against" him; "displayed clear favoritism towards opposing parties and their counsel"; and held "personal relationships with individuals and organizations that have a direct interest in the cases before [me]." Dkt. 82 at 1–2.

Perry's assertions in his motion to disqualify do not remotely approach the required standard for disqualification. "Aside from conclusory assertions that [I] was prejudiced, [Perry] did not offer facts suggesting [my] impartiality might reasonably be questioned or that [I] had an actual personal extrajudicial bias against him." *United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018) (affirming district judge's refusal to recuse himself). That a reasonable person "knowing all of the facts, would harbor doubts concerning [my] impartiality" defies not only the law on disqualification, but common sense. *Jordan*, 49 F.3d at 155.

The only time Perry has ever appeared before me was the March 5, 2024 hearing, which took place by Zoom. The audio recording from that proceeding speaks for itself. During that hearing, I was respectful to all parties and afforded each side a full and fair opportunity to speak their mind. I assure the parties that I am impartial, and will do everything in my power to represent the best of what our justice system has to offer. To allay any concerns Perry may have, I can safely say that I do not believe I have ever met Defendants' counsel before the March 5, 2024

---

[1] I have, however, allowed Perry to file the instant motion for disqualification because I think it imperative that parties be permitted at all stages of the proceedings to voice any concerns regarding fairness and impartiality in our justice system.

hearing in this case. I certainly do not have any personal relationships with defense counsel, or any of the companies involved in this matter.

Accordingly, Perry's motion to disqualify is **DENIED**.[2]

SIGNED this 25th day of April 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] A motion to disqualify or recuse a judge is a nondispositive matter that a magistrate judge may decide by order, rather than a report and recommendation. *See Myers v. United States*, No. 1:17-cr-18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022) (collecting cases).

3