**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KENDRICK TYRON PERRY, SR., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00021 |
| | § | |
| LOCKHART, MORRIS & | § | |
| MONTGOMERY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me are motions to dismiss filed by Defendants Lockhart, Morris & Montgomery, Inc. ("LMM") and Trans Union LLC ("Trans Union") (collectively, "Defendants"). *See* Dkts. 73, 76. Having reviewed the briefing, the record, and the applicable law, I recommend the motions be **GRANTED**.

## BACKGROUND

Plaintiff Kendrick Tyron Perry, Sr. ("Perry") asserts claims[1] under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); the Truth in Lending Act, 15 U.S.C. § 1611 ("TILA"); the federal statute prohibiting identity theft, 18 U.S.C. § 1028; and state common law. According to the Complaint, Defendants "fraudulently furnish[ed] and allow[ed] to be furnished negative defamatory reporting which lasted a duration of 7 months." Dkt. 64 at 2. Perry asserts that he did not have notice or opportunity to respond to such credit reporting. He asserts that LMM "listed themselves as creditors all while having the original creditors showing on the same reporting"; then, Trans Union "allowed this inaccuracy to prevail." *Id.* at 3. Perry also asserts that he owes no duties or obligations to either Defendant, and that both

---

[1] As I said at the March 5, 2024 status conference, Perry's Fourth Amended Complaint, Dkt. 64, is the live complaint ("the Complaint"). *See* Dkt. 72.

Defendants "profited or attempted to profit ill gains from breaching [Perry's] trust and privacy which are implied rights protected by the [C]onstitution, granted through the [B]ill of [R]ights given by God no other." *Id.*

Both Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Perry has not stated any claims. Perry, who is representing himself, did not respond to the motions to dismiss.

## LEGAL STANDARDS

### A.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A complaint may be dismissed when it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019).

Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Although for the purposes of this motion to dismiss [I] must take all the factual allegations in the complaint as true, [I am] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"

2

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

**B.   LITIGANTS WITHOUT LAWYERS**

A complaint filed by a litigant without a lawyer, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "Liberal construction is afforded to *pro se* litigants to serve as a shield, in line with the 'congressional goal of assuring equality of consideration for all litigants' behind the *in forma pauperis* statute." *Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Litigants without lawyers, however, are not excused from complying with the Federal Rules of Civil Procedure. *See Carmouche*, 77 F.4th at 368 (noting that pro se complaints must still comply with Rule 8's notice pleading requirement).[2]

**C.   SOUTHERN DISTRICT OF TEXAS LOCAL RULES 7.3 & 7.4**

As noted, Perry did not respond to Defendants' motions to dismiss. Under this district's local rules, responses to motions must be submitted within 21 days after filing, *see* S.D. TEX. L.R. 7.3, and "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4. Although the Fifth Circuit has "recognized the power of district courts to adopt local rules requiring parties who oppose motions to file statements of opposition," it has not "approved the

---

[2] In the Complaint, Perry references "Exhibits 1-3." Dkt. 64 at 2–3. No exhibits are attached to the Complaint. Perry appears to be referencing exhibits he attached to the First Amended Complaint, Dkt. 4, and the Second Amended Complaint, Dkt. 5. *See* Dkt. 4-1; Dkt. 4-2; Dkt. 5-1. Although "an amended complaint generally supersedes the original and renders it of no legal effect, there is an exception if the amended complaint refers to and adopts or incorporates by reference the earlier pleading." *Solis v. Barber*, No. 3:20-cv-765, 2022 WL 19039625, at *3 (N.D. Tex. May 4, 2022); *see also* FED. R. CIV. P. 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."). Liberally construing Perry's filings, I find the Complaint incorporates by reference the exhibits attached to his First and Second Amended Complaints. LMM even acknowledged one exhibit in its motion to dismiss. *See* Dkt. 73 at 8–9 ("Plaintiff submitted a portion of his credit report as an exhibit to his First Amended Complaint.").

3

automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quotations omitted). A motion to dismiss is a dispositive motion, meaning it can potentially end a case. Therefore, I must consider the merits of the motions to dismiss, despite Perry's lack of response.

## ANALYSIS

### A. FCRA CLAIMS

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To achieve this purpose, the FCRA imposes various duties on "consumer reporting agencies" and furnishers of credit information. *See* 15 U.S.C. § 1681a(f). In particular, the "FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 426 (5th Cir. 2012).

Perry references four different sections of the FCRA in his Complaint: §§ 1681b, 1681n, 1681o, and 1681s-2. I will address each in turn, construing Perry's claims liberally because he is a litigant without a lawyer.

#### 1. 15 U.S.C. § 1681b

Section 1681b, titled "Permissible purposes of consumer reports," sets forth the circumstances under which a consumer reporting agency may furnish a consumer report. Section 1681b prohibits using or obtaining a consumer report for any purpose other than the permissible purposes. *See* 15 U.S.C. § 1681b(f).

Perry mentions § 1681b twice in his Complaint. *See* Dkt. 64 at 3 ("Count 2: No Permissible Purpose . . . failing to meet requirements of 15 U.S.C. § 1681b"); *id.* at 6 ("Section 1681b of the FCRA addresses the permissible purposes for which consumer reports may be obtained and disclosed. Unauthorized disclosure under the FCRA occurs when consumer information is disclosed without a permissible purpose."). Yet, the only allegation that conceivably supports a § 1681b claim is

Perry's conclusory assertion that "Defendant(s) failed to meet requirements of the FCRA by way of fraudulently furnishing and allowing to be furnished negative defamatory reporting which lasted a duration of 7 months." Dkt. 64 at 2–3. As an initial matter, furnishing false or negative information is not the same thing as furnishing a consumer report. Moreover, Perry does not identify which Defendant furnished his consumer report for an impermissible purpose or to whom it was furnished. Perry's lone conclusory assertion is not enough to state a claim under § 1681b. *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("We do not accept as true conclusory assertions, unwarranted factual inferences, or legal conclusions." (quotation omitted)).

### 2. 15 U.S.C. § 1681s-2

Section 1681s-2 governs the responsibilities of furnishers of information to credit reporting agencies. Furnishers of information have a duty to provide accurate information to a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(a). Furnishers also have certain duties once a consumer reporting agency gives the furnisher notice that a consumer has disputed the completeness or accuracy of information provided by the furnisher to the consumer reporting agency. *See id.* § 1681s-2(b). Perry does not specify whether he is suing under subsection (a), subsection (b), or both.

The FCRA expressly precludes a private right of action against a furnisher for failing to provide accurate information as required by § 1681s-2(a). *See id.* § 1681s-2(c); *Burress v. Chase Card*, No. 3:19-cv-1198, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) ("[N]o private cause of action exists under § 1681s-2(a)."). This does not mean that § 1681s-2(a) lacks bite. Rather, the FCRA provides that a violation of § 1681s-2(a) "shall be enforced exclusively" by certain federal agencies, and federal and state officials. *See id.* § 1681s-2(d). Accordingly, any claim raised by Perry under § 1681s-2(a) must be dismissed.

Turning to subsection (b), the FCRA provides that a furnisher is obligated, upon receiving a dispute of accuracy from a credit reporting agency, to conduct an

investigation, report its results to the credit reporting agency, and modify or delete incorrect information. *See* § 1682s-2(b)(1). A plaintiff asserting an FCRA claim against a furnisher under § 1682s-2(b) must allege that "(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014).

The only allegations that possibly apply to a § 1681s-2(b) claim are: "Defendant(s) failed to meet requirements of the FCRA by . . . allowing to be furnished negative defamatory reporting which lasted a duration of 7 months"; "[u]pon dispute the companies did act in good will and deleted the inaccurate information that was furnished"; and "Trans Union LLC is supposed to ensure the accuracy and integrity of the information they provide." Dkt. 64 at 2–4. These allegations suggest, at most, that Perry disputed the accuracy of information reported.

For the second element, Perry must allege that the consumer reporting "agency notified the furnisher of the consumer's dispute." *Shaunfield*, 991 F. Supp. 2d at 805. He makes no such allegation. This omission is fatal to his claim. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (notice from a consumer reporting agency to the furnisher of information is "necessary to trigger the furnisher's duties under Section 1682s-2(b)").

For the third element, Perry must allege "the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield*, 991 F. Supp. 2d at 805. Perry makes no such allegation. To the contrary, Perry avers that Defendants "did act in good will and deleted the inaccurate information that was furnished." Dkt. 64 at 3. This allegation dooms his claim. "[A] court is not required to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal

6

conclusions." *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 866 (S.D. Tex. 2020). "Where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Id.* (cleaned up). Thus, this claim should fail.

### 3. 15 U.S.C. §§ 1681n, 1681o

Perry makes passing references to §§ 1681n and 1681o. These sections merely dictate the type of damages awarded depending on whether the violation was willful or negligent. *See Cameron v. Greater New Orleans Fed. Credit Union*, 713 F. App'x 238, 240 (5th Cir. 2018). Neither section provides an independent source of liability—both require a showing that a person failed "to comply with any requirement imposed under [the FCRA]." *See* 15 U.S.C. §§ 1681n(a), 1681o(a). Because Perry has not established that either Defendant violated any requirement of the FCRA, he is not entitled to damages under either of these provisions. *See Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 754 (S.D. Tex. 2006) ("Finding no violation of [any] requirement, the court need not discuss whether Plaintiff suffered any harm caused by the violation or whether the violation could be characterized as willful [or negligent]."), *aff'd*, 224 Fed. Appx. 415 (5th Cir. 2007).

## B. FDCPA CLAIMS

Perry also asserts a number of FDCPA claims. Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors"—practices that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress "clearly intended the FDCPA to have a broad remedial scope." *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002). "The FDCPA should therefore be construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016). Yet, while the FDCPA "bars debt collectors from deceiving or misleading consumers[,] it does not protect

7

consumers from fearing the actual consequences of their debts." *Sheriff v. Gillie*, 578 U.S. 317, 329 (2016).

### 1. *15 U.S.C. § 1692c*

Perry alleges that Defendants failed "to meet requirements of . . . 15 U.S.C. § 1692c . . . which pertains to the communication of debt collectors with third parties." Dkt. 64 at 3–4. I assume Perry intends to bring a claim under subsection (b) because subsection (b) deals with "[c]ommunication with third parties." 15 U.S.C. § 1692c(b). This subsection "prohibits debt collectors from communicating, 'in connection with the collection of any debt,' with any person except the consumer and a few other explicitly defined other parties," including a consumer reporting agency. *Cushman v. GC Servs., L.P.*, 397 F. App'x 24, 28 (5th Cir. 2010) (quoting 15 U.S.C. § 1692c(b)).

As to this claim, Perry states only: "[LMM] has purchased and trafficked [my] personal and financial information to unauthorized third parties without consent." Dkt. 64 at 6. Yet, Perry does not identify the third parties to whom LMM allegedly "trafficked" his information or why those parties were unauthorized. This conclusory statement is woefully insufficient to overcome a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. As such, Perry's claim under 15 U.S.C. § 1692c should be dismissed.

### 2. *15 U.S.C. § 1692j*

Perry also references 15 U.S.C. § 1692j. *See* Dkt. 64 at 7. This section of the FDCPA prohibits debt collectors from designing, compiling, and furnishing "any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt." 15 U.S.C. § 1692j(a).

Construing the Complaint liberally, I do not see any facts related to this cause of action. Perry's "pleadings do not identify any false form or false belief that any person other than the creditor was attempting to collect a debt." *Brinson v. Park on Bandera Apts.*, No. SA-22-cv-38, 2022 WL 3219422, at *4 (W.D. Tex. Aug.

9, 2022) (dismissing § 1692j claim at the motion-to-dismiss stage). As such, Perry's § 1692j claim should be dismissed.

### 3. 15 U.S.C. § 1692f

Perry also attempts to bring a claim for "Unfair Practices." Dkt. 64 at 7. As LMM points out, "[t]his appears to be a claim under [§] 1692f of the FDCPA." Dkt. 73 at 7. "Section 1692f prohibits debt collectors from using 'unfair or unconscionable means to attempt to collect or attempt to collect any debt.'" *Daugherty*, 836 F.3d at 511 (quoting 15 U.S.C. § 1692f). "[A] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA." *Medina v. LTD Fin. Servs., L.P.*, No. H-19-3253, 2020 WL 4207671, at *5 (S.D. Tex. June 30, 2020) (quotation omitted).

"[Perry] does not allege that [Defendants] engaged in any of the eight practices specified as unfair or unconscionable under [§] 1692f." *Krier v. United Revenue Corp.*, No. 3:19-cv-2954, 2020 WL 2065618, at *6 (N.D. Tex. Apr. 28, 2020). Nor does Perry allege facts concerning unfair or unconscionable conduct that would violate another section of the FDCPA. As such, Perry's claim under § 1692f should be dismissed.

### 4. 15 U.S.C. § 1692e

Perry's final FDCPA claim is based on 15 U.S.C. § 1692e. This section prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "That prohibition includes, among other things, communicating 'credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 456 (5th Cir. 2020) (quoting 15 U.S.C. § 1692e(8)). "It is well-settled in the Fifth Circuit that FDCPA complaints alleging a collection letter is confusing or misleading are rarely dismissed at the Rule 12(b)(6) stage . . . because the inquiry . . . require[s] a fact-bound determination of

9

how an unsophisticated consumer would perceive a collection letter." *Fiddick v. Bay Area Credit Serv., LLC*, No. 3:18-cv-416, 2019 WL 1858824, at *3 (S.D. Tex. Apr. 25, 2019).

Yet, Perry does not allege that Defendants used debt collection methods that violate § 1692e. There is no collection letter, or even a specific allegation about a collection letter, in Perry's Complaint. One of Perry's exhibits appears to be a notice from LMM that an account in his name had been *removed* from collections. *See* Dkt. 4-2 at 1. But this is not a collection letter, nor is Perry's other exhibit, which shows a portion of LMM's response to a complaint he made about LMM. *See* Dkt. 5-1 at 1. Because Perry does not provide, or even discuss, a misrepresentation in connection with the collection of a debt, this claim must fail.

## C. REMAINING CLAIMS

Construing Perry's Complaint liberally, I will explore possible remaining claims that do not arise under the FCRA or the FDCPA.

### 1. *Identity Theft*

Perry asserts a claim against Defendants for identity theft: "Defendant(s) used [my] personal information, including but not limited to Social Security number, financial account details, and other sensitive data, that was unlawfully obtained and used for fraudulent purposes." Dkt. 64 at 3. Perry references 18 U.S.C. § 1028, which is the federal criminal statute prohibiting identity fraud.

It is well-settled that criminal statutes do not create private causes of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."); *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quotation omitted)); *Woods v. Lange*, No. 6:23-cv-330, 2023 WL 8723229, at *2 (W.D. Tex. Nov. 27, 2023) ("Section 1028 is a federal criminal statute prohibiting identity fraud. Federal criminal statutes do not create private

10

causes of action."). In other words, § 1028 does not provide a means for Perry to bring this claim. As such, Perry's identity theft claim should be dismissed.

### 2. *TILA Claim*

Perry makes a passing reference in the Complaint to the TILA by mentioning 15 U.S.C. § 1611. The TILA is a strict-liability statute that requires a lender in a commercial credit transaction to disclose certain terms and conditions of a transaction to a borrower prior to consummating a loan. *See* 15 U.S.C. § 1601. Its purpose is to promote the "informed use of credit . . . [and] an awareness of the cost thereof by consumers" by "assur[ing] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *Id.* § 1601(a). Perry does not make any allegations pertaining to a credit transaction. This alone is fatal to any claim under the TILA. But even if Perry had alleged a credit transaction with one of the defendants, § 1611 concerns only criminal liability. It is inapplicable to this case because, as stated above, criminal statutes do not provide for private rights of action. *See Leeke*, 454 U.S. at 85–86. Perry's TILA claim should fail.

### 3. *State Law Claims*

Out of an abundance of caution, I will examine three possible state law claims Perry raises in the Complaint: defamation, invasion of privacy, and negligence. Perry asserts that Defendants "fraudulently furnish[ed] and allow[ed] to be furnished negative defamatory reporting which lasted a duration of 7 months." Dkt. 64 at 2. Perry also asserts that Defendants "breached [his] trust and privacy" and "violate[d his] right to privacy." *Id.* at 3, 6. He also mentions "negligence" in connection with his § 1681s-2 claim. *Id.* at 4.

These claims should also fail because the FCRA contains express language that preempts state law claims arising out of the same alleged conduct.

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a

11

> consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). "The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Young*, 294 F.3d at 638 (quoting 15 U.S.C. § 1681h(e)). Perry has not alleged any facts that plausibly show malice or willful intent by either Defendant. *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 470–72 (5th Cir. 2006) (dismissing state law claims as a matter of law because of the § 1681h(e) preemption provision); *Young*, 294 F.3d at 638–39 (same). Therefore, any state law claims should also be dismissed.

## CONCLUSION

For the reasons explained above, Defendants' motions to dismiss (Dkts. 73, 76) should be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 26th day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

12